## Johnson Coal Company v. Edward Forcade.

BOOK ENTRIES—*when preliminary proof of, insufficient.* Book entries are not competent where proof of their correctness is not made either by the maker thereof or by one who is able of his own knowledge to testify to their correctness.

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Reversed. and remanded. Opinion filed September 13, 1907.

SCHAEFER, FARMER & KRUGER, for appellant.

WEBB and WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit to recover damages for personal injuries, alleged to have been received by him while working in a coal mine at Freeburg, Illinois.

The first of the two counts, upon which this case was tried, charged that on April 28, 1904, appellant was possessed of and operating a certain coal mine in St. Clair county, Illinois, and that appellee was in its employ as a coal miner, it being his duty to mine and load the coal in cars provided by appellant; that appellant provided appellee with an old, inefficient and defective car, the box of which would move from one side to the other on the trucks, and the axles of which would play from side to side in the wheels, thereby allowing said box to extend too far over the rails of the track on which it·was running, causing it to come in contact with and knock out a prop used for the support of the roof at a point where a switch track left the main track in the mine, by means of which a lot of the material supported by said prop fell down upon appellee and injured him. The second count charged that appellant negligently maintained said track too close to said prop; that appellee was without knowledge of the proximity of said track to said prop and that the corner of the car came in contact with said prop knocking the same down and causing a portion of the roof supported by the prop, to fall and injure appellee.

Appellant filed the general issue and also a special plea averring that appellee was not in its employ as a coal miner, or in any other capacity at the time named; that it did not own, operate or possess a coal mine and in which the plaintiff was then working; that it was not at that time engaged in mining and removing coal from the mine wherein plaintiff claims to have been injured. Appellee filed a replication to this special plea, stating that he was at the time in the employ of appellant as a coal miner, that appellant did own,

operate and possess said coal mine and was engaged in mining and removing coal from the mine where appellee was injured.

The case was tried twice in the court below.   On the first trial there was a verdict in favor of appellee for $2,500.   A motion for a new trial was made by appellant, confessed by appellee and granted by the court.   On the second trial, the jury placed appellee's damages at $7,500 and a judgment was entered for that amount.

Appellee testified that at the time he was injured he was working as a miner in a coal mine at Freeburg, Illinois, and had been doing so off and on five or six years; that the mine was operated by the Johnson Coal Company; that on said day, at about 10 o'clock A. M., he was bringing an empty car down a sharp grade, towards the switch, where he was to load it; that as he reached the switch the right hand corner of the box struck a roof prop standing 13 to 15 inches from the track, knocking it out, and the slate from the roof fell down on his arm which was across the top of the box, and injured it to such an extent that it had to be amputated.

Appellee introduced other witnesses who corroborated him as to the location of the prop, and the condition of the box. Appellant did not seek to controvert the evidence introduced by appellee as to the circumstances under which the injury occurred, the proximity of the prop to the track and the condition of the box, but confined its defense almost wholly to the matters set up in its special plea, viz. : that appellee was not in its employ at the time he was injured and that it was not at the time, the owner of nor engaged in operating the mine in question.

It appeared from the proofs that at the time the injury occurred, and prior thereto, appellant, the Johnson Coal Company, operated a coal mine at Marissa, Illinois, about 15 miles from Freeburg; that Isaac Johnson was president of the corporation and his son, Charles H. Johnson, its secretary; that at the same time Isaac Johnson was a member of the Johnson Coal Company of St. Louis, Missouri, a partnership composed of Isaac Johnson and his son, Charles H.

Johnson, engaged in buying and selling coal in that city and in East St. Louis, Illinois.

It was claimed by appellant that neither the corporation nor the partnership aforesaid, owned or operated the mine at Freeburg, but that it was the separate property of Isaac Johnson and was managed and operated by him as an individual. In support of the claim of ownership, deeds were introduced in evidence showing the conveyance to Isaac Johnson of coal lands where the Freeburg mine was located. Appellant also introduced a certain bill of sale dated March 27, 1903, covering the buildings, upper works and hoisting machinery of the mine, to Isaac Johnson, from Henry Barthel, and a lease from Barthel to said Johnson of the mine premises, made August 18, 1903.

Appellee does not contest the fact that Isaac Johnson was the owner of the mine, but claims the proof showed that appellant was engaged in operating the same. However, Isaac Johnson swore positively that on April 28, 1904, the time of the injury, he was operating the mine individually; that he was then operating it under the lease of Mr. Barthel. He also introduced a receipt from Mr. Barthel dated December 1, 1903, acknowledging the receipt of $75 from Isaac Johnson as rent for coal shaft and underground pass-ways to July 15, 1904, stated in the receipt to be "credited on lease," which Johnson said referred to the lease under which he was operating.

Appellee and certain other employees stated that appellant was operating the mine at the time in question, but on cross-examination it developed that they had no personal knowledge of that fact, and the proof offered by appellee on that subject was wholly circumstantial in its character.

It appears from certain records of the Illinois Central Railroad Company that coal was consigned from the Freeburg mines, under the name of J. C. Co. to J. C. Co., as consignee, at St. Louis, Missouri, and an agent of the railroad was permitted to testify, over the objection of appellant, that J. C. Co. meant Johnson Coal Company.

A witness who was the chief claim agent of the Illinois

Johnson Coal Co. v. Forcade.

Central Railroad Company testified that he knew that the records of said company introduced in evidence were correct; also that he did not make them but that they were made by the coal clerk of the company in East St. Louis. He failed to show that he had means for knowing the accuracy of the entries, or that the party making them had any knowledge of the ownership or operation of the Freeburg mine, neither did it appear that appellant knew that such entries were being made in said records charging it with being the consignor of said coal.

We are of opinion the preliminary proof was not sufficient to permit the admission of the book entries or the testimony of the claim agent as to their correctness and as to what the initials referred. The evidence which most strongly tended to support the claim of appellee, as to the ownership of the mine, was probably that of a witness who testified that he was working in the mine at the time of the injury, and that he received his pay in envelopes upon which there was sometimes written the words "Johnson Coal Company." Objection was made to this testimony, because no proper foundation had been laid for it. This objection should have been sustained, as it did not satisfactorily appear that the pay envelopes themselves could not have been produced.

While there was evidence tending to prove that appellant was operating the mine at the time of the injury, yet the preponderance of the evidence was so greatly in favor of appellant's claim that Isaac Johnson both owned and operated the mine at that time, that the verdict cannot be considered as the result of the impartial anl unprejudiced judgment of the jury. St. Louis National Stock Yards v. Godfrey, 101 Ill. App., 40.

This condition of affairs taken in connection with the errors in the admission of evidence upon the trial, makes it the duty of this court to reverse the judgment of the court below, and remand the cause for another trial.

*Reversed and remanded.*